1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Tel:    (818) 347-3333
Fax:    (818) 347-4118

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ROMERO, | Case No.  **2:23-cv-2025** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. Unreasonable Search and Seizure – Excessive Force (42 U.S.C § 1983); |
| COUNTY OF LOS ANGELES; SERGIO CAMPOS; DAMIEN GUERRERO; JUSTIN PEREZ; and DOES 1-10, inclusive; | 2. Unreasonable Search and Seizure – Unlawful Detention and Arrest (42 U.S.C § 1983); |
| | 3. Denial of Medical Care (42 U.S.C. § 1983); |
| Defendants. | 4. Due Process – Municipal and Supervisorial Liability - Unconstitutional Custom, Practice, or Policy, Ratification, and Failure to Train (42 U.S.C § 1983); |
| | 5. False Arrest/False Imprisonment; |
| | 6. Battery; |
| | 7. Negligence; |
| | 8. Violation of Bane Act (Cal. Civil Code § 52.1) |
| | **DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT FOR DAMAGES

COMES NOW Plaintiff ADRIAN ROMERO for his Complaint against Defendants COUNTY OF LOS ANGELES, SERGIO CAMPOS, DAMIEN GUERRERO, AND JUSTIN PEREZ, and DOES 1 – 10, inclusive, and allege as follows:

## INTRODUCTION

1.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating Plaintiff's rights guaranteed under the United States Constitution, the California Constitution, and the laws of the State of California in connection to the Deputy-involved use of force and shooting of Plaintiff ADRIAN ROMERO by Defendants on February 23, 2022, in the City of Whittier, County of Los Angeles, California.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

3.      This Court has supplemental jurisdiction over Plaintiff's claims arising under State law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California, and because all Defendants reside in the County of Los Angeles, California.

## PARTIES

5.      At all relevant times, Plaintiff ADRIAN ROMERO (hereinafter "Plaintiff ROMERO") was an individual residing in the City of Whittier, County of Los Angeles, California.

6.     At all relevant times, Defendant SERGIO CAMPOS, is and was a Deputy for the County of Los Angeles and Sheriff's Department. At all relevant times, Defendant CAMPOS was acting under color of law within the course and scope of his duties as sheriff's deputies for the County of Los Angeles. At all relevant times, Defendant CAMPOS was acting with the complete authority and ratification of his principal, Defendant County of Los Angeles.

7.     At all relevant times, Defendant DAMIEN GUERRERO, is and was a Deputy for the County of Los Angeles and Sheriff's Department. At all relevant times, Defendant GUERRERO was acting under color of law within the course and scope of his duties as sheriff's deputies for the County of Los Angeles. At all relevant times, Defendant GUERRERO was acting with the complete authority and ratification of his principal, Defendant County of Los Angeles.

8.     At all relevant times, Defendant JUSTIN PEREZ, is and was a Deputy for the County of Los Angeles and Sheriff's Department. At all relevant times, Defendant PEREZ was acting under color of law within the course and scope of his duties as sheriff's deputies for the County of Los Angeles. At all relevant times, Defendant PEREZ was acting with the complete authority and ratification of his principal, Defendant County of Los Angeles.

9.     At all relevant times, Defendant COUNTY OF LOS ANGELES ("COUNTY") is and was a governmental entity organized and existing under the laws of the State of California in the County of Los Angeles, California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles County Sheriff's Department ("Sheriff's Department") and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Sheriff's Department and its employees and agents complied with the laws of the United States and of the State of California. At all

relevant times, COUNTY was the employer of Defendants SERGIO CAMPOS, DAMIEN GUERRERO, AND JUSTIN PEREZ, and DOES 1-10.

10. Defendant DOES 1-7, are, and at all relevant times were, individuals residing in the County of Los Angeles in the State of California. At all relevant times, DOES 1-7 were acting in the course and scope of their employment with Defendant County of Los Angeles and acting under the color of state law.

11. Defendants DOES 8-10 are managerial, supervisorial, and policymaking employees of Defendant COUNTY, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the County. DOES 8-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

12. The true names and/or capacities, whether individual, corporate, associate, or otherwise of Defendant DOES 1 through 10 are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this complaint when the true names and capacities of said DOE Defendants are ascertained.

13. Plaintiff ROMERO is informed and believes, and based upon such information and belief, alleges that each Defendant and Defendants sued herein as DOES 1-10 are contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint.

14. Plaintiff ROMERO is informed and believes and thereon allege that at all relevant times each of the Defendants and DOE Defendants, in addition to acting for himself, herself, or itself and on his, her, or its own behalf, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent, and permission of each and all the Defendants.

15. Plaintiff ROMERO further alleges that the acts of each of the Defendants were fully ratified by each and all other Defendants. Specifically, and without

limitation, Plaintiff ROMERO alleges on information and belief that the actions, failures to act, and breaches alleged herein are attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

16.     On August 16, 2022, Plaintiff ROMERO filed and presented a comprehensive and timely claim for damages to Defendant COUNTY pursuant to the applicable sections of the California Government Code.

17.     On September 26, 2022, Defendant County notified Plaintiff ROMERO of the rejection of his claim.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18.     Plaintiff repeats, realleges, and incorporates each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

19.     On February 23, 2022 at approximately 2:37 PM, Plaintiff ROMERO sat in the driver's seat of a blue sedan in a private residential driveway on the 14500 Block of Chere Drive in Whittier, California. Plaintiff ROMERO'S brother, a female occupant, and a pet dog were also in the car.

20.     While Plaintiff ROMERO sat in the blue sedan, several Los Angeles County Sheriff's Department ("LASD") Deputies arrived at the residence in patrol vehicles. At least one of the patrol vehicles blocked the driveway behind the car in which Plaintiff ROMERO sat.

21.     The Defendant Deputies were executing a search warrant at that address for Plaintiff ROMERO'S brother. Defendant Deputies did not have a warrant for the arrest or search of Plaintiff ROMERO, nor did they have probable cause to believe that he had committed, or was in the process of committing, any crime.

22.     These deputies included, but were not limited to defendants SERGIO CAMPOS, DAMIEN GUERRERO, JUSTIN PEREZ, and DOES 1-7 ("Defendant

Deputies").

23.     On information and belief, Defendant Deputies exited their patrol vehicles and walked up to the sedan with their department-issued firearms drawn and pointed at the occupants inside the vehicle.

24.     Without justification, Defendant deputies opened lethal fire at Plaintiff ROMERO, striking him. The lethal fire also struck and killed the pet dog that was in the car.

25.     At the time of the shooting, and at all relevant times, neither Plaintiff ROMERO nor any of the occupants in the sedan posed an immediate threat of death or serious bodily injury or death to any person, including the deputies.

26.     On information and belief, Defendant Deputies failed to give a verbal warning that deadly force would be used.

27.     On information and belief, Defendant Deputies did not have reasonable suspicion to detain or probable cause to arrest Plaintiff ROMERO, who was unarmed and not engaged in any criminal activity.

28.     At the time of the shooting and at all relevant times, Plaintiff ROMERO did not pose any immediate threat of death or serious bodily injury to any person, including Defendant Deputies. Further, Defendants' actions and unreasonable use of force, including shooting at Plaintiff ROMERO and failure to use other reasonable efforts given that this was not an immediate defense of life situation, violated standard police officer standards and training.

29.     As a result of Defendants' excessive and unreasonable use of force, Plaintiff ROMERO suffered serious physical injuries requiring immediate medical treatment.

30.     On information and belief, Defendants did not timely summon medical care or permit medical personnel to treat Plaintiff ROMERO. The delay of medical care to Plaintiff ROMERO caused him extreme physical and emotional pain and suffering.

/ / /

COMPLAINT FOR DAMAGES

31. As a result of the excessive and unreasonable force used by Defendants, Plaintiff ROMERO was shot, endured pain and suffering and has debilitating life-long injuries that include, but are not limited to: past and future economic and non-economic losses, medical expenses, substantial physical injuries, physical pain, emotional distress, loss of enjoyment of life, violation of his civil rights, loss of employment and wages, and loss of earning capacity all that continue to date.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure — Excessive Force (42 U.S.C. § 1983)**

(By Plaintiff against CAMPOS, GUERRERO, PEREZ, and DOES 1 – 7, inclusive)

32. Plaintiff repeats, realleges, and incorporates each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

33. The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from excessive force by peace officers. Statute 42 U.S.C. § 1983 provides a right of action for conduct which violates this right. Defendant Deputies violated Plaintiff ROMERO's rights to be free from unreasonable searches and seizures, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34. On February 23, 2022, Defendant Deputies were executing a search warrant at a private residence in connection with an investigation unrelated to Plaintiff ROMERO. Plaintiff ROMERO sat in the driver's seat of a blue sedan in the driveway of a residence with his brother and a female occupant.

35. Defendant Deputies arrived at the residence and parked their vehicles behind the blue sedan. Defendant Deputies then exited their patrol vehicles and walked up to the blue sedan with their firearms drawn.

36. On information and belief, without warning or justification, Defendant Deputies discharged their weapons, firing lethal rounds at and into the blue sedan, striking Plaintiff ROMERO multiple times.

37.     At all relevant times, CAMPOS, GUERRERO, PEREZ, and DOES 1-7 acted under color of state law. These Defendant Deputies used excessive force against Plaintiff ROMERO when they fired multiple gunshots at him without justification, causing serious injuries.

38.     At all relevant times, Plaintiff ROMERO posed no immediate threat of death or serious bodily injury to any person and other reasonable measures were available to Defendant Deputies. Furthermore, Defendant Deputies issued no warnings before they shot Plaintiff ROMERO, failed to employ reasonable alternatives to the use of deadly force, and failed to de-escalate the situation.

39.     The foregoing conduct was without justification, warning, or probable cause. Defendants' unreasonable and excessive use of force deprived Plaintiff ROMERO of his right to be secure in his person against unreasonable use of force as guaranteed under the Fourth Amendment.

40.     As a result of the foregoing, Plaintiff ROMERO suffered life-threatening injuries, resulting in extreme physical pain and suffering, emotional distress, loss of enjoyment of life, and lost earning capacity.

41.     Based on the facts readily available and known, Defendant Deputies were not at risk of immediate death or serious bodily injury based on Plaintiff ROMERO'S actions; no other person was at immediate risk of serious bodily injury or death based on Plaintiff ROMERO'S actions; Defendant Deputies had time to issue a deadly force warning to Plaintiff ROMERO; Defendant Deputies had time to allow Plaintiff ROMERO to comply with a deadly force warning if it was given; Defendant Deputies failed to give Plaintiff ROMERO a deadly force warning; and Defendant Deputies failed to use and exhaust all other reasonable alternatives to lethal force.

42.     The use of force, including deadly force, by Defendant Deputies violated Plaintiff ROMERO'S right to be free from excessive force by peace officers, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment when they shot Plaintiff

ROMERO.

43.   As a result of their misconduct, Defendants CORREA, GUERRERO, PEREZ, and DOE DEPUTIES are liable for Plaintiff ROMERO'S injuries, either because they were integral participants in the use of excessive force, and/or because they failed to intervene to prevent these violations.

44.   The conduct of CORREA, GUERRERO, PEREZ, and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff ROMERO, and therefore warrants the imposition of exemplary and punitive damages as to CORREA, GUERRERO, PEREZ, and DOE DEPUTIES.

45.   Plaintiff Romero brings this claim and seeks damages on this claim, including but not limited to his past and future pain and suffering, economic, and non-economic damages.  Plaintiff Romero also seeks attorney's fees under this claim pursuant to 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Unlawful Detention and Arrest
### (42 U.S.C. § 1983)

(By Plaintiff Against CORREA, GUERRERO, PEREZ, and DOES 1-7)

46.   Plaintiff repeats, realleges, and incorporates each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as if fully set forth herein.

47.   At all relevant times, CORREA, GUERRERO, PEREZ, and DOES 1-7 acted under color of state law. CORREA, GUERRERO, PEREZ, and DOES 1-7 had no probable cause or reasonable suspicion to detain Plaintiff ROMERO and no probable cause to arrest him.  In addition, the scope and manner of the detention was unreasonable.  It was not necessary to use lethal force against Plaintiff ROMERO to prevent him from fleeing, as he was not committing any crime at the time Defendant Deputies used lethal force.

48.     The conduct of CORREA, GUERRERO, PEREZ, and DOES 1-7 was willful, wanton, malicious, and done with an improper motive and intent and a reckless disregard for the rights and safety of Plaintiff ROMERO and therefore warrants the imposition of exemplary and punitive damages as to CORREA, GUERRERO, PEREZ, and DOES 1-7.  As a direct result of the unreasonable detention and arrest, Plaintiff ROMERO experienced severe pain and suffering for which he is entitled to recover damages.

49.     As a result of their misconduct, Defendants CORREA, GUERRERO, PEREZ, and DOES 1-7 are liable for Plaintiff ROMERO's injuries, either because they were integral participants in the use of excessive force, and/or because they failed to intervene to prevent these violations.

50.     Plaintiff ROMERO brings this claim and seeks damages on this claim for his injuries, including but not limited to, past and future pain and suffering, economic, and non-economic damages.  Plaintiff also seeks attorney's fees under this claim pursuant to 42 U.S.C. §1988.

### THIRD CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Denial of Medical Care

### (42 U.S.C. § 1983)

(By Plaintiff against CORREA, GUERRERO, PEREZ, and DOES 1-7)

51.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as if fully set forth herein.

52.     After being shot multiple times by Defendant Deputies, Plaintiff ROMERO was bleeding profusely and in obvious and critical need of immediate medical care.

53.     On information and belief, Defendant Deputies did not timely summon medical care or permit medical personnel to treat Plaintiff ROMERO. The delay of medical care to Plaintiff ROMERO caused him extreme physical and emotional pain and suffering.

54.     The denial of medical care by CORREA, GUERRERO, PEREZ, and DOES 1-7 deprived Plaintiff ROMERO of his right to be secure in his person against unreasonable

searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

55. As a result of the foregoing, Plaintiff ROMERO suffered injuries, including great physical pain and emotional distress.

56. CORREA, GUERRERO, PEREZ, and DOES 1-7 knew that failure to provide timely medical treatment to Plaintiff ROMERO could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff ROMERO great bodily harm.

57. The conduct of CORREA, GUERRERO, PEREZ, and DOES 1-7 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff ROMERO and therefore warrants the imposition of exemplary and punitive damages as to CORREA, GUERRERO, PEREZ, and DOES 1-7.

58. Plaintiff ROMERO brings this claim and seeks damages on this claim, including but not limited to past and future pain and suffering, economic, and non-economic damages. Plaintiff also seeks attorney's fees under this claim pursuant to 42 U.S.C. §1988.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy, Ratification, Failure to Train (42 U.S.C. § 1983)

(By Plaintiff against Defendants COUNTY and DOES 8-10 as Supervisors)

59. Plaintiff repeats, realleges, and incorporates each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

60. At all relevant times, Defendants Deputies acted under color of law. The acts of the Defendant Deputies violated Plaintiff ROMERO'S rights under the United States Constitution and the Fourth and Fourteenth Amendment.

61. Upon information and belief, DOES 8 through 10 were final policymakers, acting under color of law, who had final policymaking authority concerning the acts of

- 11 -

COMPLAINT FOR DAMAGES

Defendant Deputies, ratifying the Defendant Deputies' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the Defendant Deputies' acts.

62. Upon information and belief, a final policymaker has determined that the acts of the Defendant Deputies were "within policy."

63. The training policies of Defendant Deputies were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

64. Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

65. The failure of COUNTY to provide adequate training caused the deprivation of Plaintiff ROMERO's rights by the Defendant Deputies; that is, the COUNTY'S failure to train is so closely related to the deprivation of the Plaintiff ROMERO'S rights as to be the moving force that caused the ultimate injury.

66. On information and belief, the COUNTY failed to train the Defendant Deputies properly and adequately. By reason of the aforementioned acts and omissions, Plaintiff ROMERO has been injured.

67. Accordingly, the COUNTY is liable to Plaintiff ROMERO for compensatory damages under 42 U.S.C. § 1983.

68. Defendant Deputies acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY. On information and belief, the Defendant Deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff ROMERO'S injuries.

69. COUNTY policymakers and supervisors, maintained, *inter alia*, the following unconstitutional customs, practices, and policies:

    (a) Using excessive force, including excessive deadly force, and violating persons' First, Fourth, and Fourteenth Amendment;

    (b) Providing inadequate training regarding the use of force;

    (c) Employing and retaining as deputy Sheriffs individuals such as Defendant

Deputies, including Deputies CORREA, GUERRERO, PEREZ, and DOES 1-7 who Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining COUNTY officers, and other personnel, including Defendant Deputies, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by Defendant Deputies;

(f) Failing to adequately discipline County of Los Angeles Sheriff's Department Deputies, including Defendant Deputies, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that the use of unreasonable, unjustified, and excessive force are "within policy," including conduct that was later determined to be unconstitutional;

(h) Even where use of force is determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved.

70. By reason of the aforementioned acts and omissions, Plaintiff ROMERO has suffered physical and emotional injuries in an amount to be proven at trial.

71. Defendants COUNTY and DOES 8-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with

deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff ROMERO, and other individuals similarly situated.

72.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendant COUNTY and Deputies acted with intentional, reckless, and callous disregard for Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 8-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff ROMERO.

73.    The following are a few examples of Defendant COUNTY'S unconstitutional customs, practices and policies, and continued misconduct:

     a.    *Berry, et al. v. County of Los Angeles, et al.*, Case No.: 15-cv-09715-BRO (KSx); in events captured on video, numerous Los Angeles County deputies beat, pepper sprayed, tased, and fired over 30 bullets without warning at John Berry while seated in his car and killing him. Upon information and belief, the County found that the deputies use of force was within policy, and none of the deputies were disciplined, reprimanded, retrained, suspended, or otherwise penalized for their actions.

     b.    *V.W., et al. v. County of Los Angeles, et al.*, Case No.: 2:18-cv-03684-FMO-ARG; on February 4, 2018 Deputy Gregory Van Hoesen shot and killed the 16-year-old Anthony Weber, shooting him in the back while Weber was unarmed.

     c.    *K.C.R., et al. v. County of Los Angeles, et al.*, Case No.: 2:13-cv-03806-PSG-SS, on June 21, 2012, the unarmed Kenneth Rivera III was shot and killed by Deputy Norma Silva.

     d.    The August 16, 2017 shooting death of Kenneth Lewis, Jr.; Case No.: 2:18-cv-04910-CBM-SK.

e. *C.M., et al. v. County of Los Angeles, et al.*, Case No.: 2:17-cv-05135-VAP-AGR, on August 2, 2016, Deputy Jeffrey Brito shot and killed the unarmed William Bowers.  On information and belief, Deputy Brito was not disciplined, reprimanded, retrained, suspended, or otherwise penalized for his actions.

f. *Mitchell v. County of Los Angeles, et al.*, Case No.: CV-8421-RJK (AWx), Defendant COUNTY argued that the use of deadly force against an unarmed civilian (Robert Mitchell) was reasonable; the jury found otherwise, returning a $4,000,000 verdict after finding that Deputy Rick Manes used excessive and unreasonable force when he shot the unarmed Mr. Mitchell in the back six times, killing him. Deputy Manes was not disciplined or retrained for his use of deadly force.

g. The July 3, 2019 shooting death of the unarmed Rickie Starks; Case No. 19STCV38462, Case No.: 2:21-cv-05209 ODW (GJSx).

h. *Gutierrez, et al. v. County of Los Angeles, et al.*, Case No.: CV-10-7608 PSG (AJWx), a jury found that Deputy David Salazar used excessive and unreasonable force when he shot and killed Efrain Gutierrez, and awarded Mr. Gutierrez' family $2,000,000. Deputy Salazar was not disciplined or retrained for his use of deadly force.

i. *Beets v. County of Los Angeles, et al.*, Case No.: KC-057667, a jury determined that the use of deadly force by the defendant County deputy, was excessive and unreasonable under the circumstances, and returned a $1,035,000 verdict in favor of the plaintiff.

j. The June 26, 2019 shooting of Timothy Neal in his home; Case No. 2:20-cv-06315-CBM-JC.

k. *Jacobo, et al. v. County of Los Angeles, et al.*, Case No.: CV-11-7212 GW (SSx), on August 8, 2009, County Deputy Mat Taylor shot and

- 15 -

killed Ezequiel Jacobo, who was unarmed.  Police reports confirmed that Mr. Jacobo was unarmed.  Deputy Taylor was not disciplined or retrained for shooting Mr. Jacobo.

l. *Lobrono, et al. v. County of Los Angeles, et al.*, Case No.: CV-13-03838, on February 1, 2013, County Deputy Ray Huang shot Michael Lobrono, who was unarmed.  Police reports confirmed that Mr. Lobrono was unarmed.  Deputy Huang was not disciplined or retrained for his use of deadly force.

m. The August 31, 2020 shooting death of Dijon Kizzee.

n. *Sanchez v. County of Los Angeles, et al.*, Case No.: CV 13-0383; on April 20, 2013, County Deputy Christopher Gomez shot Chalino Sanchez, who was unarmed and riding his bicycle at the time of the shooting.  Police reports confirmed that Mr. Sanchez was unarmed.  Deputy Gomez was not disciplined or retrained for his use of deadly force.

o. *N.K.A., et al. v. County of Los Angeles, et al.*, Case No.: CV 13-05507; on May 11, 2013, County Deputy Luis Mendoza shot and killed Rigoberto Arceo, who was unarmed and had his hands up at the time of the shooting.  Police reports confirmed that Mr. Arceo was unarmed.  Deputy Mendoza was not disciplined or retrained for his use of deadly force.

p. *D.A.B., et al. v. County of Los Angeles, et al.*, Case No.: CV-14-05207 FMO (ASx); on May 23, 2013, County Deputies Dru Strong and Gregory Rodriguez shot and killed Rashawn Brown, who, according to percipient witnesses, was unarmed at the time he was shot.  Deputies Strong and Rodriguez were not disciplined or retrained for their use of deadly force.

q. The October 6, 2020 shooting of Nicholas Burgos, a 39-year-old man

shot nine (9) times in the UCLA Harbor Hospital Mental Care Center.

r.  *Gonzalo Martinez v. County of Los Angeles, et al.*, Case No.: 2:14-cv-05456-DSF-MAN, County Deputy Cuauhtemoc Gonzales discharged his weapon at a moving vehicle, striking Gonzalo Martinez, who was an unarmed backseat passenger.  Deputy Gonzales was not disciplined or retrained for his use of deadly force.

s.  *Belia C.M., et al. v. County of Los Angeles, et al.*, Case No.: 2:15-cv-09585-SJO-FFM, Deputy Espinosa shot and killed Tony C.M., who was unarmed at the time of the shooting.  On information and belief, Deputy Espinosa as not disciplined or retrained for his use of deadly force.

t.  *Marian Amaya, et al., v. County of Los Angeles, et al.*, Case No.: VC062384, on information and belief, County deputies shot and killed Emiliano Amaya, with shots to Mr. Amaya's back.  On information and belief, the deputies were not disciplined or retrained for their unconstitutional use of deadly force.

74.  The policies, practices, and customs implemented and maintained and still tolerated by COUNTY and DOES 8-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff ROMERO.

75.  Accordingly, Defendants COUNTY and DOES 8-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

76.  Plaintiff seeks damages for this claim including but not limited to past and future pain and suffering, economic, and non-economic damages.

77.  Plaintiff also seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988 under this claim.

/ / /

/ / /

/ / /

# FIFTH CLAIM FOR RELIEF

## False Arrest/False Imprisonment

### (Plaintiff Against All Defendants)

78.    Plaintiff repeats, realleges, and incorporates each and every allegation in the foregoing paragraphs of this Complaint and with the same force and effect as if fully set forth herein.

79.    CORREA, GUERRERO, PEREZ, and DOES 1-7 detained Plaintiff ROMERO without probable cause, exigent circumstances, or warrant for his arrest, and detained Plaintiff ROMERO without reasonable suspicion or probable cause. The scope and manner of the detention – use of deadly force – was also unreasonable as set forth above.

80.    CORREA, GUERRERO, PEREZ, and DOES 1-7 intentionally restricted Plaintiff's freedom of movement for an appreciable amount of time. Plaintiff ROMERO did not consent to the restriction of his freedom of movement. Plaintiff ROMERO was not committing any crimes at all relevant times.

81.    As an actual and proximate cause of CORREA, GUERRERO, PEREZ, and DOES 1-7 false arrest/false imprisonment of Plaintiff ROMERO, and the use of force used thereafter, Plaintiff ROMERO has sustained serious bodily injuries. Accordingly, Plaintiff ROMERO is entitled to compensatory damages on this claim.

82.    Defendants committed the aforementioned acts and omissions knowingly, willfully, maliciously, with the expressed intent to harm Plaintiff and with conscious or reckless disregard for Plaintiff ROMERO's rights.  By reason thereof, Plaintiff seeks punitive and exemplary damages from CORREA, GUERRERO, PEREZ, and DOES 1-7 in an amount according to proof at trial.

83.    Defendant COUNTY and DOES 8-10 are liable for the wrongful acts of CORREA, GUERRERO, PEREZ, and DOES 1-7 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act

would subject them to liability and under the theory of *respondeat superior*.

84.     Plaintiff brings this claim and seeks damages on this claim, including but not limited to past and future pain and suffering, economic, and noneconomic damages.

### SIXTH CLAIM FOR RELIEF

**Battery**

(By Plaintiff Against All Defendants)

85.     Plaintiff repeats, realleges, and incorporates each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

86.     Defendants CORREA, GUERRERO, PEREZ, and DOES 1-7, while working as Sheriff's Deputies for Defendant COUNTY, and acting within the course and scope of their duties, intentionally shot Plaintiff ROMERO without any warning or his consent. As a result, Plaintiff ROMERO suffered serious injuries.

87.     Plaintiff ROMERO is informed and believes that Defendants' use of deadly force was committed with the intent to cause Plaintiff ROMERO a harmful and offensive contact or with reckless disregard to the probability that Plaintiff ROMERO would suffer physical and emotional harm.

88.     At the time the Deputies shot at Plaintiff ROMERO, who posed no threat of imminent death or serious bodily injury to anyone, including Defendant Deputies. On information and belief, no Deputies issued warnings prior to the use of deadly force, though it was feasible to do so. Furthermore, other reasonable measures were available and Defendant Deputies did not exhaust these alternatives before using lethal force. The use of deadly force was therefore excessive and objectively unreasonable and violated peace officer standards and training.

89.     Defendant CORREA, GUERRERO, PEREZ, and DOES 1-7 had no legal justification to use deadly force against Plaintiff ROMERO and said use of force while carrying out their deputy duties was an unnecessary and unreasonable use of force.

90.     As a direct and proximate result of Defendants' conduct as alleged above,

Plaintiff was caused to suffer severe injuries. As a direct and proximate result of CORREA, GUERRERO, PEREZ, and DOES 1-7's use of force and other misconduct as set forth herein, Plaintiff ROMERO suffered damages.

91.     Defendant COUNTY and DOES 8-10 are liable for the wrongful acts of Defendants CORREA, GUERRERO, PEREZ, and DOES 1-7 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject them to liability and under the theory of *respondeat superior*.

92.     The conduct of CORREA, GUERRERO, PEREZ, and DOES 1-7 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff ROMERO, entitling Plaintiff ROMERO to an award of exemplary and punitive damages as to CORREA, GUERRERO, PEREZ, and DOE DEPUTIES.

93.     As a result of their misconduct, Defendants CORREA, GUERRERO, PEREZ, and DOE DEPUTIES are liable for Plaintiff ROMERO'S injuries, either because they were integral participants and/or because they failed to intervene to prevent aforementioned violations.

94.     Plaintiff brings this claim and seeks damages on this claim including for pain and suffering, economic, and non-economic damages.

## SEVENTH CLAIM FOR RELIEF

### Negligence

(By Plaintiff Against All Defendants)

95.     Plaintiff repeats, realleges, and incorporates each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

96.     Police officers, including CORREA, GUERRERO, PEREZ, and DOES 1-10, have a duty to use reasonable care to prevent harm or injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving warnings, not

using any force unless necessary, and not using deadly force unless necessary to protect human life, using less than lethal options, and only using deadly force as a last resort.

97.     CORREA, GUERRERO, PEREZ, and DOES 1-10, breached this duty of care. The actions and inactions of Defendants CORREA, GUERRERO, PEREZ, and DOES 1-10, were negligent and reckless, including but not limited to:

      a.  The failure to properly and adequately assess the need to use force against Plaintiff;

      b.  The negligent tactics and handling of the situation with Plaintiff, including pre-use of force negligence;

      c.  The negligent use of force, including deadly force against Plaintiff;

      d.  The negligence with respect to safe execution of a search warrant such that use of lethal force is avoided and tactics are narrowly tailored to reasonably execute the search warrant.

      e.  The failure to provide prompt medical care to Plaintiff;

      f.  The failure to properly train and supervise CORREA, GUERRERO, PEREZ, and DOES 1-10 with respect to the use of force;

      g.  The failure to properly train and supervise CORREA, GUERRERO, PEREZ, and DOES 1-10 with respect to the execution of search and arrest warrants;

      h.  The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff ROMERO; and

      i.  The negligent communication and information during the incident.

98.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff ROMERO was caused to suffer severe pain and suffering.

99.     The COUNTY is liable for the wrongful acts of Defendants CORREA, GUERRERO, PEREZ, and DOES 1-10 pursuant to section 815.2(a) of the California

Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability and under the theory of *respondeat superior*.

100.   Plaintiff brings this claim and seeks damages on this claim, including for his pain and suffering, economic, and non-economic damages.

### EIGHTH CLAIM FOR RELIEF

**(Violation of The Bane Act, Cal. Civil Code § 52.1)**

(By Plaintiff Against All Defendants)

101.   Plaintiff repeats, realleges, and incorporates each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

102.   The Bane Act, the California Constitution, and California common law prohibit the use of excessive force by law enforcement.  California Civil Code, § 52.1(b) authorizes a private right of action and permits survival actions for such claims.  *See Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995).  "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1."  *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

103.   The Bane Act prohibits any person from using violent acts or threatening to commit violent acts against another person for exercising that person's constitutional rights, which can be shown by a reckless disregard for that person's civil rights.

104.   The Defendant Deputies violated Plaintiff ROMERO'S constitutional rights to be free from unreasonable seizures, to due process, to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property, when

they used excessive and unreasonable deadly force against him.  The Defendant Deputies specifically intended to violate Plaintiff ROMERO'S constitutional rights as stated above, as demonstrated by The Defendant Deputies' reckless disregard for Plaintiff ROMERO'S constitutional rights.  Thus, Plaintiff ROMERO can recover for violation of the Bane Act.  *See Reese v. County of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

105.   On information and belief, Defendant Deputies intentionally committed the above acts to discourage Plaintiff ROMERO from exercising his civil rights and to prevent him from exercising such rights, which he was fully entitled to enjoy.

106.   The Defendant Deputies violated Plaintiff ROMERO'S constitutional rights to be free from unreasonable seizures when they used excessive and unreasonable force against him.

107.   The conduct of the Defendant Deputies was a substantial factor in causing the harm, losses, injuries, and damages of Plaintiff ROMERO.

108.   COUNTY is vicariously liable for the wrongful acts of the Defendant DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

109.   The conduct of the Defendant Deputies was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff ROMERO, entitling him to an award of exemplary and punitive damages.

110.   Plaintiff ROMERO was caused to suffer severe pain and suffering for which he is entitled to recover damages.

111.   Plaintiff brings this claim individually and seeks damages under this claim, as well as costs, attorney fees, and a multiplier pursuant to California Civil Code § 52 et seq.

/ / /

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ADRIAN ROMERO requests entry of judgment in his favor and against Defendants County of Los Angeles, CORREA, GUERRERO, PEREZ, and DOES 1-10, inclusive, as follows:

1. For compensatory damages under federal and state law in an amount to be proven at trial;

2. For past and future medical expenses, and loss of financial support;

3. For past and future physical pain and mental suffering;

4. For past and future loss of income, loss of earning capacity, and lost profits;

5. For property damages and economic loss, including real and personal;

6. For punitive damages against the individual Defendant Officers in an amount to be proven at trial;

7. For interest;

8. For reasonable costs of this suit and attorneys' fees under state and federal law;

9. For such further relief at law or equity as the Court or jury may deem just and appropriate.

DATED: March 17, 2023                    LAW OFFICES OF DALE K. GALIPO

By:      _/s/ Dale K. Galipo_
         Dale K. Galipo
         Attorney for Plaintiffs

COMPLAINT FOR DAMAGES

1

### <u>DEMAND FOR JURY TRIAL</u>

2        Plaintiff hereby demands a trial by jury.

3

4   DATED: March 17, 2023                    LAW OFFICES OF DALE K. GALIPO

5

6                                   By:          */s/ Dale K. Galipo*

7                                        Dale K. Galipo
                                         Attorney for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28